Clerk of the Court, Ninth Circuit Court of Appeals

**Re: Circuit Rule 36-4 Request to Publish** No. 20-15671, *Strojnik v. AZ State Bar*[1]

Esteemed Clerk, Counsel, and Mr. Strojnik,

Non-party nonlawyer Lukashin respectfully requests, *pro se*, that this Court publish its *Strojnik* memorandum, as it states a categorical prohibition and flatly contradicts **Schwake v. Arizona Bd. of Regents**, 967 F.3d 940, 948 n. 7 (9th Cir. 2020)[2] and **United States v. Qazi**, No. 18-10483 (9th Cir. Sept. 17, 2020)[3] (duty to construe *pro se* filings liberally), as **Schwake**[4] allowed twice-represented appellant's new argument / issue, supported by contrary *Padgett* citation. *Cf. also* **Johnson**[5]*; yet cf. Strojnik*, p. 2:

> We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

Due to conflict with circuit law, Circuit Rule 36-2(a) and (d), I request publication[6].

**Strojnik** is also in tension with **US v. Bacon**, No. 18-50120 pp. 9–10 (9th Cir. Nov. 05, 2020) (en banc)[7], rejecting a bright-line rule previously reaffirmed in *en banc Barabin II*; as well as with **US v. King**, No. 18-50122, pp. 3–4 (9th Cir. Nov. 06, 2020)[8] (applying very recent precedent of **United States v. Johnson**, — F.3d —, 2020 WL 6268027 (9th Cir. Oct. 26, 2020) to reject identical argument, thus correctly following

---

[1] https://cdn.ca9.uscourts.gov/datastore/memoranda/2020/11/17/20-15671.pdf
[2] https://scholar.google.com/scholar_case?case=9641139468298152128&
We reject the University's assertion that Schwake waived this argument. Although we generally treat arguments not raised in an opening brief as waived, we decline to follow that rule here because the original counsel who filed the opening brief withdrew from representation. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) ("We will not … review an issue not raised below unless necessary to prevent manifest injustice." (citation omitted)). Our court appointed pro bono counsel for Schwake, who filed Schwake's supplemental brief that raised this argument
[3] https://scholar.google.com/scholar_case?case=5431529704168867483& ; "It is an entrenched principle that pro se filings "'however inartfully pleaded' are held `to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995). We are specifically directed to "construe pro se pleadings liberally." *Hamilton*, 67 F.3d at 764. This duty applies equally to pro se motions and with special force to filings from pro se inmates. *See, e.g., Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010); *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001)" (footnote reference omitted)
[4] Lukashin filed proposed *en banc* amicus briefs in **Schwake**, Dkt: 81-1, 81-2, and in **Grimm**, 18-35673, No. 54-1 and 54-2, petition for *en banc* rehearing rejected and Lukashin's motion denied November 13, 2020 as Dkt. 59, judicial notice requested and required, **Frlekin v. Apple**, No. 15-17382, p. 9 n. 1 (9th Cir. Oct. 29, 2020).
[5] **US v. Johnson**, No. 17-10252, pp. 5–7 (9th Cir. Oct. 26, 2020) (GVR relief on an issue first raised in the certiorari petition based on intervening law), https://cdn.ca9.uscourts.gov/datastore/opinions/2020/10/26/17-10252.pdf
[6] *Cf. Urbina v. National Business Factors Inc.*, No. 19-16055 (9th Cir. Nov. 05, 2020) (filing a replacement opinion)
[7] https://cdn.ca9.uscourts.gov/datastore/opinions/2020/11/05/18-50120.pdf
[8] https://cdn.ca9.uscourts.gov/datastore/opinions/2020/11/06/18-50122.pdf

the law-of-the-circuit rule, **Bacon**, p. 8), yet *Strojnik* did not follow **Schwake, supra**, *see* **Lambert v. Saul**, No. 19-17102, p. 16 (9th Cir. Nov. 17, 2020)[9] and **Sanchez Rozales v. Barr**, No. 18-70666, p. 11 (9th Cir. Nov. 18, 2020)[10] . *Cf. also* **Tracy v. Florida Atlantic University Board of Trustees**, No. 18-10173, p. 15 (11th Cir. Nov. 16, 2020)[11] (discussing unconstitutionality of unbridled-discretion doctrine). Further, **Strojnik** citation to *Padgett* is also in direct conflict with subsequent intervening higher authority[12], **US v. Dreyer**, 804 F.3d 1266, 1277–78 (9th Cir. 2015) (en banc)[13] (rule of waiver is a discretionary one). *Compare also* **State Farm v. Amazon**, No. 19-17149, p. 6 n. 2 (9th Cir. Nov. 17, 2020)[14] (mem.) (but finding no exceptional circumstances).

Categorical rejection of "matters not specifically and distinctly raised and argued in the opening brief" is contrary to **Johnson, supra**, where GVR relief was granted by SCOTUS on an argument first raised in the certiorari petition. **Johnson** thus is a strong indicator that this Court should at least reach new arguments for preserved claims, in line with US Supreme Court's jurisprudence.

Further, SCOTUS is not an error-correction court, **Taylor v. Riojas**, No. 19-1261, p. 2 (U.S. Nov. 02, 2020)[15] (Alito, J.); **Barnes v. Ahlman**, 140 S. Ct. 2620, 2622 (US Aug. 5, 2020)[16] (Sotomayor, J., dissenting from the grant of stay):

> Even if this Court disagrees with the District Court's conclusion, "error correction . . . is outside the mainstream of the Court's functions and . . . not among the `compelling reasons' . . . that govern the grant of certiorari."

| | |
|---|---|
| Igor Lukashin, *pro se*<br>igor_lukashin@comcast.net<br>PO Box 5954, Bremerton, WA 98312<br>(360) 447-8837 | *s/* Igor Lukashin<br>Signature<br>November 19, 2020 |

---

[9] https://cdn.ca9.uscourts.gov/datastore/opinions/2020/11/17/19-17102.pdf
[10] https://cdn.ca9.uscourts.gov/datastore/opinions/2020/11/18/18-70666.pdf Vandyke, Circuit Judge, Dubitante: "The majority opinion correctly concludes that circuit precedent compels our result in this case."
[11] https://media.ca11.uscourts.gov/opinions/pub/files/201810173.pdf ; citing *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 769–70 (1988)
[12] **Lambert, supra**, citing *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)
[13] https://scholar.google.com/scholar_case?case=16332912792314699141& ; Chief Judge Thomas was a member of both **Dreyer** and **Strojnik** panels.
[14] https://cdn.ca9.uscourts.gov/datastore/memoranda/2020/11/17/19-17149.pdf
[15] https://www.supremecourt.gov/opinions/20pdf/19-1261_bq7c.pdf "We have sometimes granted review and summarily reversed in cases where it appeared that the lower court had conspicuously disregarded governing Supreme Court precedent, but that is not the situation here."
[16] https://scholar.google.com/scholar_case?case=1725497710621183302&

I certify that I electronically filed this using prose_pleadings@ca9.uscourts.gov e-mail[17], sending a copy to the e-mail addresses in the service list for this case. I will also mail a copy to Peter Strojnik Sr., 7847 North Central Ave., Phoenix, AZ 85020

DATED
this 19th day of November, 2020.

*s/ Igor Lukashin*
Signature

---

[17] *See* http://cdn.ca9.uscourts.gov/datastore/general/2020/06/29/covid%20update%20june%2025.pdf p. 1: "If unrepresented litigants have access to email, they are encouraged to submit their filings, including petitions for review and all other pleadings, as PDF attachments, directly to the Court at this email address: prose_pleadings@ca9.uscourts.gov "